572 S.E.2d 282

**In the Matter of James G. LONGTIN, Respondent.**

No. 25548.

Supreme Court of South Carolina.

Submitted Sept. 26, 2002.

Decided Oct. 28, 2002.

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

James G. Longtin, of Walterboro, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction ranging from an admonition to a thirty day suspension. We accept the agreement and find a thirty day suspension from the practice of law is the appropriate sanction. The facts, as set forth in the agreement, are as follows.

### *Facts*

#### I. *Collection Matter*

Client A retained respondent to handle twelve collection matters; however, respondent failed to take legal action on behalf of Client A. Respondent also failed to keep Client A informed regarding the status of the collection matters and failed to respond to numerous requests from Client A for information regarding the status of the matters.

#### II. *Bankruptcy Matter*

Client B retained respondent to handle a bankruptcy matter. Client B paid respondent $400 of an $1,800 retainer fee. Thereafter, respondent failed to adequately communicate with Client B regarding the status of his bankruptcy matter. Respondent also failed to timely and diligently return telephone calls from Client B and failed to appear in court on behalf of Client B.

#### III. *Failure to Cooperate with Disciplinary Counsel*

By letter dated June 20, 2000, the Office of Disciplinary Counsel notified respondent of a complaint filed by Client A; however, respondent failed to respond or otherwise communicate with the Office of Disciplinary Counsel in response to that letter, a subsequent letter sent pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), or a Notice of Full Investigation. Respondent finally responded to the allegations set forth in the complaint on May 31, 2001, after being compelled by subpoena to appear before Disciplinary Counsel and respond to questions under oath. Respondent also failed

to respond to letters and a Notice of Full Investigation regarding the complaint filed by Client B, finally responding to allegations set forth therein on January 22, 2002, after once again being compelled to do so by subpoena.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(a)(a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5(a)(a lawyer's fee shall be reasonable); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to willfully fail to respond to a lawful demand from a disciplinary authority); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law).

### *Conclusion*

In our opinion, respondent's misconduct warrants a thirty day suspension from the practice of law. Respondent shall not be entitled to seek reinstatement to the practice of law until he has paid $271.03 to the Commission on Lawyer

Conduct for costs incurred in this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.